PER CURIAM.
Before the Court are proposed out-of-cycle amendments to recently adopted Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents), which requires e-mail service of pleadings and documents between parties.[1] *1174 See Fla. Rule Jud. Admin. 2.140(e). The amendments are proposed by The Florida Bar’s Rules of Judicial Administration Committee (Committee) in response to inquiries received by the Committee, The Florida Bar, and the Clerk of this Court concerning the implementation and interpretation of the new rule.[2] We have jurisdiction[3] and adopt all the Committee’s proposals, except the proposal to change the word “e-mail,” as used throughout the rule, to “email.”
After considering the proposals, we amend rule 2.516 as follows. Subdivisions (b)(1) (Service by Electronic Mail (“email”)) and (b)(1)(B) (Exception to E-mail Service on Attorneys) are amended to allow parties to stipulate to methods of service other than e-mail. Subdivision (b)(1)(A) (Service on Attorneys) is amended to clarify that an attorney need not file a separate designation of e-mail address. Subdivision (b)(1)(D) (Time of Service) is amended to clarify when e-mail service is complete. Subdivision (b)(2) (Service by Other Means) is amended to clarify that if more than one method of service is used, the computation of time is based on the method of service that provides the shortest response time. Finally, we adopt the proposed stylistic changes, other than the proposal to change the word “e-mail” to “email” throughout the rule.[4]
Accordingly, Florida Rule of Judicial Administration 2.516 is amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption,[5] interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[6]
It is so ordered.
*1175 POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.516 SERVICE OF PLEADINGS AND DOCUMENTS
(a) [No Change]
(b) Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.
(1) Service by Electronic Mail (“email”). All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. Whe%~in-addition ■to — service by e-mail, the sender also utilizes-another means of service-provided for in subdivision-(-b)(2),any differing time-limits-and other provisions applicable to that other-means of service control.
(A)Service on Attorneys. Upon appearing in a proceeding, an attorney must serve a designation ofdesig-nate a primary e-mail address and may designate no more than two secondary e-mail addresses. Thereafter, service must be directed to all designated e-mail addresses in that proceeding. Every document filed by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.
(B) Exception to E-mail Service on Attorneys. Service by-an attorney on another attorney must-be-made by e-mail unless excused by — the.court. Upon motion by an attorney demonstrating that the attorney has no email account and lacks access to the Internet at the attorney’s office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (b)(2) of this rule.
(C) [No Change]
(D) Time of Service. Service by e-mail is complete whenon the date it is sent.
(i) An-e-mail 'is deemed served on the-date-it-is sent.
*1176 the sender learns that the email did not reach the address of the person to be served, the sender must immediately send another copy by e-mail, or by a means authorized by subdivision (b)(2) of this rule.
(iii) E-mail service is treated as service by mail for the computation of time.
(E) Format of E-mail for Service. Service, of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.
(i)-(ii) [No Change]
(iii) Any document served by e-mail may be signed by any of the “/s/,” “/s,” or “s/” formats, as long as the filed originaldocument is signed in accordance with the applicable rule of procedure.
(iv) [No Change]
(2) Service by Other Means. In addition to, and not in lieu of, service by email, service may also be made upon attorneys by any of the means specified in this subdivision (b)(2). If a document is served by more than one method of service, the computation of time for any response to the served document shall be based on the method of service that provides the shortest response time. Service on and by all parties who are not represented by an attorney and who do not designate an e-mail address, and on .and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:
(A)-(F) [No Change]
(c) [No Change]
(d) Filing. All original documents must be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules. If the original of any bond or other document required to be an original is not placed in the court file or deposited with the clerk, a certified copy must be so placed by the clerk.
(e)-(h) [No Change]

. See In re Amends, to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. *1174 Rules of Juv. Pro., Fla. Rules of App. Pro., and Fla. Family Law Rules of Pro.-E-mail Service Rule, 102 So.3d 505, 509 (Fla.2012) (adopting new .rule 2.516 and conforming amendments to other bodies of rules).

. The Board of Governors of the Florida Bar approved the proposals by a vote of 28-0.

. See art. V, § 2(a), Fla. Const.

. See The Gregg Reference Manual ¶ 847(g) (11th ed. 2011) (noting that the hyphenated form of the word e-mail is the one most commonly used and in order to maintain a consistent style, it is better to retain the hyphen in the reference to "e-mail” in rule 2.516, numerous other rules of court and forms have been amended to reference "email.” See, e.g., Fla. Rules Jud. Admin. 2.514(b) (Computing and Extending Time; Additional Time after Service by Mail or Email)), 2.525 (Electronic Filing); Fla. R.Crim. P. 3.070 (Additional Time after Service by Mail, when Permitted, or E-Mail); Fla. Prob. R. 5.042(d) (Time; Additional Time after Service by Mail or E-mail); Fla. Fam. Law R.P. Form-12.900(b); Fla. Sup.Ct. Appr. Fam. Law Form 12.915. The Committee does not propose changing those references.

. See In re Amends, to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rides of App. Pro., and Fla. Family Law Rules of Pro. — E-mail Service Rule & In re Amends, to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro. — Electronic Filing, Nos. SC 10-2101 & SCI 1-399 (Fla. order filed Oct. 9, 2012) (providing for fast-track consideration of proposed amendments to new e-mail service and e-filing rules).

. All comments must be filed with the Court on or before June 3, 2013, with a certificate of service verifying that a copy has been served on the Committee Chair, Alexandra V. Rie-man, Broward County Courthouse, 201 S.E. 6th Street, Suite 880, Fort Lauderdale, Florida 33301-3351, arieman@17th.flcourts.org, *1175 and on the Bar Staff Liaison to the Committee, Jodi Jennings, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, penning® flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until June 24, 2013, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.