PER CURIAM.
The Florida Bar Juvenile Court Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to the Florida Rules of Juvenile Procedure (the Juvenile Procedure rules). See Fla. R. Jud. Admin. 2.140(e). We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Committee proposes amendments to the following rules: 8.085 (Prehearing Motions and Service); 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers); and 8.635 (Process). The amendments conform the requirements for e-mail service in the Juvenile Procedure rules with amendments to Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents), adopted by the Court in In re Amendments to Florida Rule of Judicial Administration 2.516, 112 So.3d 1173 (Fla.2013). The Committee’s proposals were unanimously approved by the Board of Governors of The Florida Bar.
After considering the Committee’s straightforward proposals under our fast-track procedures, we adopt the amendments as proposed. The Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
*1140 POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 8.085. PREHEARING MOTIONS AND SERVICE
(a) [No Change]
(b) Service of Pleadings and Papers.
(1) [No Change]
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Unless excused — by the coui-L-sService upon the attorney or party shall be made by electronic mail (email) consistent with the requirements of Florida Rule of Judicial Administration 2.516, unless the parties stipulate otherwise. Service on and by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A)-(E) [No Change]
(3) Filing. All original papers, copies of which are required to be served- upon par-tiesjdocuments must be filed with the court either before service or immediately thereafter . If the document required to be filed is to be an original and is not placed in the court file or deposited with the clerk, a certified copy must be so placed by the clerk.
(4) Filing with Court Defined. The filing of pleadings- and other-papersdocu-ments with the court as required by these rules shall be made by filing them with the clerk of the court in accordance with rule 8.004, except that the court-may permit the papers to be-filed -with the court , in which event the filing date-shall be noted thereon-and the papers shall be transmitted — to the office -of the clerk judge may permit documents to be filed with the judge, in which event the judge must note *1141 the filing date before him or her on the documents and transmit them to the clerk. The date of filing is that shown on the face of the document by the notation of the judge or the time stamp of the clerk, whichever is earlier.
(5)-(6) [No Change]
(c) [No Change]
(d) Time for Service of Motions and Notice of Hearing. Service by e-mail is complete upon transmissionon the date it is sent and must be treated as service by mail for the computation of time. An email is deemed served on the date of transmission, -unlesslf the sender learns that the e-mail did not reach the address of the person to be served, the sender must immediately send another copy by email, or by means authorized by subdivision (b)(2). If e-mail service is excused, a copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing. If a document is served by more than one method of service, the computation of time for any response to the served document shall be based on the method of service that provides the shortest response time.
(e) Pleading to Be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose mailing address, primary e-mail address and telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida. Any document served by e-mail may be signed by any of the “/s/,” “/s,” or “s/” formats. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.
(f)-(h) [No Change]
Committee Notes
[No Change]
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a)-(e) [No Change]
(f) Notice and Service of Pleadings and Papers.
(l)-(4) [No Change]
(5) Method of Service. When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made upon the attorney unless service upon the party or participant is ordered by the court.
(A) [No Change]
(B) Service by Electronic Mail (“Ee-mail”). Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.
(i) Service on Attorneys. Upon appearing in a proceeding, an attorney must serve a designation ofde-signate a primary e-mail address and may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding. Every document filed by an attorney thereafter must include the primary e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail ad *1142 dress for service, documents may be served on that attorney at the email address on record with The Florida Bar.
(ii) Exception to E-mail Service on Attorneys. Service by an attorney on another attorney must be made by e-mail unless excused by the cour-tunless the parties stipulate otherwise. Upon motion by an attorney demonstrating that the attorney has no e-mail account and lacks access to the Internet at the attorney’s office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (c)(6) of this rule.
(iii)-(iv) [No Change]
(v) Time of Service. Service by email is complete upon transmission-on the date sent and must be-treated as service by mail for the computation of time. An e-mail is deemed served-on the-date-of-transmission, unlesslf the sender learns that the e-mail did not reach the address of the person to be served, the sender must immediately send another copy by e-mail or by a means authorized by subdivision (f)(6).
(6) Service by Other Means. In addition to, and not in lieu of, service by email, service may also be made upon attorneys by any of the means specified in this subdivision. If a document is served by more than one method of service, the computation of time for any response to the served document shall be based on the method of service that provides the shortest response time. Service on and by all parties and participants who are not represented by an attorney and who do not designate an email address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or participant at their permanent mailing address if one has been provided to the court or to the party, participant, or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete upon mailing. Delivery of a copy within this rule is complete upon:
(A)-(F) [No Change]
(7) Filing. All original — documents must be filed with the court either before service or immediately thereafter. If the original of any bond or other document is required to be an original and is not placed in the court file or deposited with the clerk, a certified copy must be so placed by the clerk.
(8) — (11) [No Change]
RULE 8.635. PROCESS
(a) [No Change]
(b) Service of Pleadings and Papers.
(1) [No Change]
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides.
(A) Service by Electronic Mail (“Re-mail”). Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the *1143 document on a website maintained by a clerk. Any document served by e-mail may be signed by any of the “/s/,” 7s,” or “s/” formats, so long as the filed originaldocument is signed in accordance with the applicable rules of court.
(i) Service on Attorneys. Upon appearing in any proceeding, an attorney must serve a designation of designate a principal e-mail address and may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding. Every document filed by an attorney thereafter must include in the signature block the principal e-mail address of that attorney and any secondary e-mail addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.
(ii) Exception to E-mail Service on Attorneys. Service by an attorney-on another attorney must-be made by e-mail -unless excused by the-court. Upon motion by an attorney demonstrating that the attorney has no e-mail account and lacks access to the Internet at the attorney’s office, the court may excuse the attorney from the requirements of e-mail service. Service on and by an attorney excused by the court from e-mail service must be by the means provided in subdivision (b)(2)(B) of this rule.
(iii)-(iv) [No Change]
(v) Time of Service. Service by email is complete upon transmission-on the day-it is -sent-and must-be treated as service by mail for the computation of time. — An e-mail is deemed served on the date-of-transmission. If the sender learns that the e-mail did not reach the address of the person to be served, the sender must immediately serve another copy by e-mail, or by a means authorized by subdivision (b)(2)(B) of this rule.
(B)-(C) [No Change]
(3) Filing. All original papers, copies of which are required to be served upon parties,documents must be filed with the court either before service or immediately thereafter, unless otherwise provided for by general law or other rules. If the original of any bond or document required to be an original is not placed in the court file or deposited with the clerk, a certified copy may be so placed by the clerk.
(4) Filing with Court Defined. The filing of pleadings and other papersdocu-ments with the court as required by these rules shall be made by filing them with the clerk in accordance with rule 8.004 except that the judge may permit documents to be filed with the judge, in which event the judge must note the filing date before him or her on the documents and transmit them to the clerk. The date of filing is the date shown on the face of the document by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(5)-(6) [No Change]
(c) [No Change]

. All comments must be filed with the Court on or before December 2, 2013, with a certificate of service verifying that a copy has been served on the Committee Chair, Whitney M. Untiedt, Office of the Public Defender, 35 North Main Street, Gainesville, Florida 32601-5323, untiedtw@pdo8.org, and on the Bar Staff Liaison to the Committee, Ellen Sloyer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, esloyer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 23, 2013, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.