PER CURIAM.
Before the Court are out-of-cycle[1] amendments to Florida Rules of Judicial Administration 2.515 (Signature of Attorneys and Parties); 2.516 (Service of Pleadings and Documents); and 2.525 (Electronic Filing) proposed by The Florida Bar’s Rules of Judicial Administration Committee (Committee). We have jurisdiction[2] and adopt the amendments as proposed.
BACKGROUND
The amendments are to the rules governing e-mail service and electronic filing recently adopted by the Court. See In re Amends, to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crivi. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.— E-mail Semce Rule, 102 So.3d 505 (Fla. 2012) (adopting e-mail service rule); In re Amends, to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules ofCrim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.- — Electronic Filing, 102 So.3d 451 (Fla.2012) (adopting rules to provide for mandatory electronic filing of documents). Several of the amendments are in response to rule changes suggested by The Honorable Steven Scott Stephens, Circuit Judge, Thirteenth Judicial Circuit, in his comment filed in In re Amendments to Florida Rule of Judicial Administration 2.516, No. SC13-73. See Id. (Fla. amended comment filed June 3, 2013). At the Committee’s request, the Court deferred consideration of the issues raised by Judge Stephens until the Committee could address those issues as part of its overall review of the rules governing electronic documents and propose a comprehensive package of amendments to those rules. See Id. (Fla. response filed June 19, 2013). As part of that comprehensive package of amendments, the Committee proposes other rule amendments, including amendments to provide for electronic service through the Florida Courts e-Filing Portal (Portal).
The Board of Governors of The Florida Bar approved the Committee’s proposals. In order to expedite of the proposed rule amendments, the Committee did not publish the proposals for comment prior to filing them with the Court. The Court *223 considered the proposals under its fast-track procedures,[3] which do not allow for publication by the Court before adoption of the amendments.
AMENDMENTS
The more significant amendments adopted in this case include the following. New subdivision (a)(4) is added to rule 2.515 (Signature of Attorneys and Parties) to provide that the signature of an attorney constitutes a certificate by the attorney that the document contains no confidential or sensitive information, or that any such information has been properly protected in accordance with Rules of Judicial Administration 2.420 (Public Access to Judicial Branch Records) and 2.425 (Minimization of the Filing of Sensitive Information). According to the report, the certification provision is consistent with a similar certification statement on the Portal. The title of both rule 2.515 and subdivision (a) are amended to reference the various “Certificates” that are added to the rule.
According to the report, the other amendments to rule 2.515 and the amendments to rule 2.525 (Electronic Filing) are in response to Judge Stephens’ suggestion in Case No. SC13-73 that the rules be amended to clarify that the act of electronically filing a document through the Portal using the filing attorney’s credentials (us-ername and password) authenticates the document and links the “signing” attorney or attorneys to the document. In this regard, the amendments clarify that (1) the act of filing or serving a document binds the “signing” attorney to the document; (2) the use of the signing attorney’s credentials links the signing attorney to the filing of a document; and (3) other attorneys who sign the document are bound by the contents of the document and the certifications contained in the rule.
Subdivision (c)(2)(B) also is added to rule 2.515 to provide that by serving a document, or by filing a document by electronic transmission using the attorney’s assigned electronic filing credentials the attorney certifies compliance with all Florida rules of procedure regarding service of the document. Accord In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7, 4 (Feb. 18, 2013) (providing that by submitting a document to the Portal, an attorney certifies compliance with the rules of procedure regarding service).
The majority of the amendments to rule 2.516 (Service of Pleadings and Documents) provide for electronic service (e-service) through the Portal. According to the report, once the Portal’s e-service function is implemented, the Portal will automatically serve documents when they are electronically filed. The primary amendments to rule 2.516 establish the parameters of e-service through the Portal and advise that a filer has fully complied with the rule’s e-mail service requirement if a document is served through the Portal. The filer need not also serve the electronically filed document by e-mail. However, the filer of an electronic document must verify that the Portal uses the names and *224 e-mail addresses provided by the parties. An attorney is responsible for the accuracy of and changes to that attorney’s own email addresses maintained by the Portal. If a document is served electronically through the Portal, service is complete on the date the served document is electronically filed and such e-service is treated as service by mail for computation of time purposes.
Also as suggested by Judge Stephens, an obsolete reference to a signed filed document is deleted from rule 2.516(b)(l)(E)(iii). Finally, to address concerns raised by some clerks of court and judicial assistants, rule 2.516(f) (Certificate of Service) is amended to require that the mailing addresses of those served be included in the certificate of service.
Accordingly, the Florida Rules of Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[4]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.515. SIGNATURE AND CERTIFICATES OF ATTORNEYS AND PARTIES
(a) Attorney^ Signature and Certificates. Every pleading and other document of a party represented by an attorney shall be signed by at least 1 attorney of record in that attorney’s individual name whose current record Florida Bar address, telephone number, including area code, primary e-mail address and secondary e-mail addresses, if any, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in rule 2.510. The attorney may be required by the court to give the address of, and to vouch for the attorney’s authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, pleadings documents need *225 not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that:
(1) the attorney has read the pleading or-other- document;
(2) that to the best of the attorney’s knowledge, information, and belief there is good ground to support itthe document; and
(3) that-it the document is not interposed for delay; and
(4) the document contains no confidential or sensitive information, or that any such confidential or sensitive information has been properly protected by complying with the provisions of rules 2.420 and 2,425. If a pleading document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other document had not been served.
(b) Pro Se Litigant Signature. A party who is not represented by an attorney shall sign any pleading or other paper document and state the party’s address and telephone number, including area code.
(c) Form of Signature.
(1) The signatures required on pleadings and documents by subdivisions (a) and (b) of this rule may be:
(A) original signatures;
(B) original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents;
(C) an electronic signature indicator using the “/s/”, “s/”, or “/s” [name] formats authorized by or--at-the direction of the person signing a document electronically served or filed; or
(D) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and documents with that signature format.
(2) An attorney, party,-or - other person who files a pleading-or paper by electronic transmission-■ that' does not contain the-original signature-of — that attorney, par-ty,-or other person-shall file feat-identical pleading-or-paper-in paper form-containing an-original-signature of feat-attorney, part-y^or-other person (-hereinafter called-the-follow-up filing) immediately-thereafter. — The-follow-up filing is not — required if the-Supreme Court, of-Florida-has entered-an-order directing the clerk-of-court-to discontinue.accepting the follow-up filing. By serving a document, or by filing a document by electronic transmission using an attorney’s assigned electronic filing credentials:
(A) that attorney certifies compliance with subdivision (a)(1) through (a)(4) and accepts responsibility for the document for all purposes under this rule;
(B) that attorney certifies compliance with all rules of procedure regarding service of the document on attorneys and parties;
(C) that attorney certifies that every person identified as a signer in the document as described in subdivision (c)(1)(C) has authorized such signature; and
(D) every signing attorney is as responsible for the document as if that document had been served by such signing attorney or filed using the assigned electronic filing credentials of such signing attorney.
*226 RULE 2.516 SERVICE OF PLEADINGS AND DOCUMENTS
(a) [No Change]
(b) Service; How Made. When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.
(1) Service by Electronic Mail (“email”). All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal (“Portal”) or other authorized electronic filing system with a supreme court approved electronic service system (“e-Service system”) served the document by e-mail or provided a link by email to the document on a website maintained by a clerk (“e-Service”). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).
(A) Service on Attorneys. Upon appearing in a proceeding, an attorney must designate a primary e-mail address and may designate no more than two secondary e-mail addresses and is responsible for the accuracy of and changes to that attorney’s own email addresses maintained by the Portal or other e-Service system. Thereafter, service must be directed to all designated e-mail addresses in that proceeding. Every document filed or served by an attorney thereafter must include the primary e-mail address of that attorney and any secondary email addresses. If an attorney does not designate any e-mail address for service, documents may be served on that attorney at the e-mail address on record with The Florida Bar.
(B)-(C) [No Change]
(D) Time of Service. Service by e-mail is complete on the date it is sent.
(i) If, however, the e-mail is sent by the Portal or other e-Service system, service is complete on the date the served document is electronically filed.
(ii) If the senderperson required to serve a document learns that the email was not reach received by the address of the person-to be served an intended recipient, the sender the person must immediately send resend another — copy the document to that intended recipient by e-mail, or by a means authorized by subdivision (b)(2) of this rule.
(iii) E-mail service, including e-Service, is treated as service by mail for the computation of time.
(E) Format of E-mail for Service. Service of a document by e-mail is made by an e-mail sent to all addresses designated by the attorney or party with either (a) a copy of the document in PDF format attached or (b) a link to the document on a website maintained by a clerk.
(i) All documents served by e-mail must be sent by an e-mail message containing a subject line beginning with the words “SERVICE OF COURT DOCUMENT” in all capital letters, followed by the case number of the proceeding in which the documents are being served.
(ii) The body of the e-mail must identify the court in which the proceeding is pending, the case number, the name of the initial party on *227 each side, the title of each document served with that e-mail, and the sender’s name and telephone number of the person required to serve the document.
(iii) Any document served by e-mail may be signed by any of the “/s/”, 7s” or “s/” formats, as-long-as-the fiied-document is signed in accordance -with-the-applicable rule of procedure.
(iv) Any e-mail which, together with its attached documents, exceeds five megabytes (5MB) in size, must be divided and sent as separate emails, no one of which may exceed 5MB in size and each of which must be sequentially numbered in the subject line.
(2) [No Change]
(c)-(d) [No Change]
(e) Filing Defined. The filing of documents with the court as required by these rules must be made by filing them with the clerk in accordance with rule 2.525, except that the judge may permit documents to be filed with the judge, in which event the judge must note the filing date before him or her on the documents and transmit them to the clerk. The date of filing is that shown on the face of the document by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(f) Certificate of Service. When any attorney certifies in substance:
“I certify that a copy hereof the foregoing document has been furnished to (here insert name or names, and-addresses used for service, and mailing addresses) by (email) (delivery) (mail) (fax) on. (date).
[[Image here]]
Attorney”
the certificate is taken as prima facie proof of such service in compliance with this rule.
(g)-(h) [No Change]
RULE 2.525. ELECTRONIC FILING
(a) [No Change]
(b) Application. Only the electronic filing credentials of an attorney who has signed a document may be used to file that document by electronic transmission. Any court or clerk may accept the electronic transmission of documents for filing and may send documents by electronic transmission after the clerk, together with input from the chief judge of the circuit, has obtained approval of procedures, programs, and standards for electronic filing from the supreme court (“EOF Procedures”). All ECF Procedures must comply with the then-current e-filing standards, as promulgated by the supreme court in Administrative Order No. AOSC09-30, or subsequent administrative order.
(c)-(g) [No Change]
Court Commentary
1997 Amendment. Originally, the rule provided that the follow-up filing had to occur within ten days. In the 1997 amendment to the rule, that requirement was modified to provide that the follow-up filing must occur “immediately” after a document is electronically filed. The “immediately thereafter” language is consistent with language used in the rules of procedure where, in a somewhat analogous situation, the filing of a document may occur after service. See, e.g., Florida Rule of Civil Procedure 1.080(d) (“All original papers shall be filed with the court either before service or immediately thereafter.”) (emphasis added). “Immediately thereafter” has been interpreted to mean “filed with reasonable promptness.” Miami *228 Transit Co. v. Ford, 155 So.2d 360 (Fla.1963).
The use of the words “other person” in this rule is not meant to allow a nonlawyer to sign and file pleadings or other papers on behalf of another. Such conduct would constitute the unauthorized practice of law.

. See Fla. R. Jud. Admin. 2.140(e).

. See art. V, § 2(a), Fla. Const.

. See In re Amends. to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.—E-mail Service Rule & In re Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rides, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rides of Pro.—Electronic Filing, Nos. SC10-2101 & SC11-399 (Fla. order filed Oct. 9, 2012) (providing for fast-track consideration of proposed amendments to e-mail service and e-filing rules).

. All comments must be filed with the Court on or before January 13, 2014, with a certificate of service verifying that a copy has been served on the Committee Chair, Hon. Jon Berkley Morgan, 2 Courthouse Square, Room 6420, Kissimmee, Florida 34741-5487 and on the Bar Staff Liaison to the Committee, Heather S. Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer® flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until February 3, 2014, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.