# Supreme Court of Florida

_____

No. SC14-569

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.420.**

[December 18, 2014]

PER CURIAM.

The Court has for consideration amendments to Florida Rule of Judicial Administration 2.420 (Public Access to Judicial Branch Records) proposed by the Florida Courts Technology Commission (Commission or FCTC),[1] with input from The Florida Bar's Rules of Judicial Administration Committee (RJA Committee). The more significant amendments conform the rule with In re Standards for Access to Electronic Court Records, Fla. Admin. Order No. AOSC14-19 (amended May 23, 2014), which provides for access to electronic court records in accordance with the Standards for Access to Electronic Court Records and the Access Security

---

1. See Fla. R. Jud. Admin. 2.236(b)(13) (charging Commission with responsibility to "recommend . . . rule changes or additions relating to court technology and the receipt, maintenance, management, use, securing, and distribution of court records by electronic means").

Matrix adopted by the Court. We have jurisdiction[2] and amend rule 2.420 as proposed, with minor modifications. The amendments to rule 2.420 we adopt here are one of the final steps in the Court's ongoing effort to provide responsible public access to electronic court records.

## BACKGROUND

For the past ten years, much effort has been put into developing the safeguards, policies, and infrastructure needed before the Court could authorize public access to nonconfidential electronic court records. First, in In re Committee on Privacy and Court Records, Fla. Admin. Order No. AOSC04-04 (Feb. 12, 2004), due to concerns about public access to sensitive and confidential information in court records, the Court imposed a limited moratorium on the release of court records in electronic form. The Court imposed the moratorium as a means to protect sensitive and confidential information from inappropriate or improper disclosure until sufficient safeguards could be established. That administrative order also established and charged the Committee on Privacy and Court Records (Privacy Committee) with recommending to the Court comprehensive policies and rules governing electronic access to court records, as well as the necessary safeguards to be put in place before the Court could authorize

---

2. See art. V, § 2(a), Fla. Const.

electronic access.  See Fla. Admin. Order No. AOSC04-04 at 4-6.  Then, in a series

of administrative orders issued after the Privacy Committee made its

recommendations, the Court modified the restrictions on the electronic release of

court records by adopting and later revising the interim policy on electronic release

of court records.  See In re Revised Interim Policy on Elec. Release of Court

Records, Fla. Admin. Order No. AOSC07-49 (Sept. 7, 2007) (approving revised

interim policy governing electronic release of court records); In re Interim Policy

on Elec. Release of Court Records, Fla. Admin. Order No. AOSC06-21 (June 30,

2006) (approving interim policy governing electronic release of court records); In

re Implementation of Report and Recommendations of the Comm. on Privacy and

Court Records, Fla. Admin. Order No. AOSC06-20 (June 30, 2006) (recognizing

that a modified limited moratorium on the electronic release of court records must

continue until permanent procedures are approved).

The amendments to rule 2.420 proposed by the Commission in this case

further the judicial branch's goal of providing electronic access to nonconfidential

court records when appropriate safeguards are in place.[3]  The amendments

implement Recommendation Twelve of the recommendations made by the Privacy

_____

3. See Fla. Admin. Order No. AOSC06-20 at 1 (recognizing that providing electronic access to nonconfidential court records when appropriate conditions are met is a goal of the judicial branch).

Committee in its August 15, 2005, report. See Committee on Privacy and Court Records, Privacy, Access and Court Records: the Report and Recommendations of the Committee on Privacy and Court Records 58 (2005) (Privacy Committee Report). Privacy Committee Recommendation Twelve, which was approved by the Court along with most of the Privacy Committee's other recommendations,[4] urged the Court to revise rule 2.420 to "allow remote access to court records in electronic form to the general public in jurisdictions where [certain] conditions are met." Privacy Committee Report at 58. One of the conditions that had to be met before the rule could be amended was the development by the Commission, in cooperation with the clerks of court, of uniform technical and substantive standards governing the electronic release of court records, to be adopted by the Court. See Fla. Admin. Order No. AOSC06-20 at 10.

As part of this ongoing effort, the Court has adopted the necessary safeguards recommended by the Privacy Committee, including rule amendments that provide procedures to assist in the identification and protection of confidential information in court records[5] and rule amendments that reduce the amount of

_____

4. See Fla. Admin. Order No. AOSC06-20.

5. The Court amended rule 2.420 to require filers to identify confidential information in their pleadings, and to narrow the scope of statutory exemptions applicable to court records to a list of twenty exemptions that the clerk of court must automatically treat as confidential. See In re Amends. to Fla. Rule of Jud. Admin. 2.420, 124 So. 3d 819 (Fla. 2013) (clarifying and refining rule 2.420

unnecessary sensitive information filed with the courts.[6]  The Court also adopted

standards and rules to implement e-filing in the trial and appellate courts through

the Florida Courts e-Filing Portal (Portal),[7] e-mail service of pleadings and

procedures); In re Amends. to Fla. Rule of Jud. Admin. 2.420, 68 So. 3d 228 (Fla. 2011) (adding twentieth category of automatically confidential information); In re Amends. to Fla. Rule of Jud. Admin. 2.420 & Fla. Rules of App. Pro., 31 So. 3d 756 (Fla. 2010) (recognizing that refinement of rule governing confidential court records was a necessary step in providing the public electronic access to court records).

6.  The Court adopted rule 2.425 to minimize the presence of sensitive information in court records.  See In re Implementation of Comm. on Privacy & Court Records Recommendations—Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin.; Fla. Rules of Crim. Pro.; Fla. Probate Rules; Fla. Small Claims Rules; Fla. Rules of App. Pro., & Fla. Fam. Law Rules of Pro., 78 So. 3d 1045 (Fla. 2011) (recognizing that reducing the amount of extraneous personal information in court records is another necessary step in the Court's ongoing effort to provide the public with electronic access to nonconfidential court records).

7.  See In re Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.—Elec. Filing, 102 So. 3d 451 (Fla. 2012) (adopting rules to provide for mandatory electronic filing of documents through the Portal); In re Statewide Standards for Elec. Access to the Courts, Fla. Admin. Order No. AOSC09-30 (July 1, 2009) (updating standards for electronic filing).

documents between parties,[8] and finally electronic service through the Portal,[9] moving the courts to an electronic, mostly paperless environment.

In Florida Administrative Order No. AOSC14-19, with the necessary prerequisites in place to allow public access to the electronic documents filed with the courts, the Court recently adopted the Standards for Access to Electronic Court Records and the Access Security Matrix (standards and access security matrix) to govern access to electronic court records. The standards and access security matrix "provide a carefully structured mechanism to facilitate appropriate, differentiated levels of access to court records to members of the general public and user groups with specialized credentials, and judges and court and clerk's office staff, based upon governing statutes and court rules." Fla. Admin. Order No. AOSC14-19 at 4.[10]

---

8. See In re Amends. to Fla. Rule of Jud. Admin. 2.516, 112 So. 3d 1173 (Fla. 2013) (amending e-mail service rule); In re Amends. to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.—E–Mail Service Rule, 102 So. 3d 505 (Fla. 2012) (adopting e-mail service rule).

9. See In re Amends. to Fla. Rules of Jud. Admin., 126 So. 3d 222 (Fla. 2013) (amending rules to provide for electronic service through the Portal).

10. In Florida Administrative Order No. AOSC14-19 at 5, the Court also approved a statewide certification process to assess compliance with the standards and access security matrix. Under the certification process, each clerk will participate in a ninety-day pilot program to demonstrate compliance with the

Consistent with Administrative Order No. AOSC14-19, the Commission proposes amending rule 2.420 to provide that access to electronic and other court records shall be governed by the standards and access security matrix adopted in that administrative order and remote access to electronic court records shall be permitted in counties where the conditions for the electronic release of such records are met. The Commission also proposes other minor changes to the rule that were suggested by the RJA Committee.

The RJA Committee voted 18-2 in favor of the proposed rule amendments, as filed with the Court. The Florida Bar Board of Governors approved the proposals by vote of 21-15. The Court published the proposed amendments for comment and three comments were filed. The RJA Committee filed a comment supporting the proposals. Various broadcast and print media entities (Media) and the First Amendment Foundation (Foundation) filed comments raising concerns about the implementation of electronic access to court records. The Commission filed a response pointing out that the issues raised in those comments are beyond the scope of the straightforward proposals at issue here, which simply conform the

---

standards and matrix and will request approval by the FCTC and the Court to provide online access to electronic court records.

rule to the administrative order,[11] and urging the Court to amend rule 2.420 as proposed.

After considering the proposed amendments and comments filed, we adopt the Commission's proposals, with minor modifications explained below.

**AMENDMENTS**

First and most significantly, we amend subdivision (a) (Scope and Purpose) of rule 2.420, as proposed, to require that "[a]ccess to all electronic and other court records shall be governed by the Standards for Access to Electronic Court Records and Access Security Matrix, as adopted by the supreme court in Administrative Order AOSC14-19 or the then-current Standards for Access."  As amended, subdivision (a) also provides that "[r]emote access to electronic court records shall be permitted in counties where the supreme court's conditions for release of such records are met."

Because the focus of rule 2.420 is public access to judicial branch records, we modify the Commission's proposed amendment to the title of rule 2.420, so the title will now read "Public Access to and Protection of Judicial Branch Records." We also modify the proposed amendment to the first sentence of subdivision (a),

---

11. Because the concerns raised in the Media's and the Foundation's comments are not a proper subject for this rules proceeding, those comments are not addressed in this opinion.  However, the Court is referring those comments to the FCTC for consideration and recommendation.

consistent with the amendment to the title, to provide that rule 2.420 "shall govern public access to and the protection of the records of the judicial branch of government."

Finally, at the suggestion of the RJA Committee, subdivision (b)(3) (Definitions; Custodian) is reworded slightly to clarify the definition of "Custodian," and a typographical error is corrected in the "notice of confidential information within court filing" form.

We take this opportunity to thank the Commission for its invaluable assistance in achieving the important, long-standing goal of providing the public with access to nonconfidential electronic court records.

Accordingly, we amend Florida Rule of Judicial Administration 2.420 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Judicial Administration

Murray Bruce Silverstein, Chair, Rules of Judicial Administration Committee, Greenberg Traurig, P.A., Tampa, Florida; Judge Jon Berkley Morgan, Past Chair, Rules of Judicial Administration Committee, Kissimmee, Florida; Judge Lisa T. Munyon, Chair, Florida Courts Technology Commission, Orlando, Florida; Susan Dawson, Staff Liaison, Office of the States Court Administrator, Tallahassee, Florida; John F. Harkness, Jr., Executive Director, and Krys Godwin, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Barbara Anne Petersen, President, First Amendment Foundation, Tallahassee, Florida; Carol Jean LoCicero and Rachel Elise Fugate of Thomas & LoCicero PL, Tampa, Florida, and Dana Jane McElroy of Thomas & LoCicero PL, Fort Lauderdale, Florida, on behalf of Florida Media Organizations,

     Responding with comments

# APPENDIX

**RULE 2.420.    PUBLIC ACCESS TO <u>AND PROTECTION OF</u> JUDICIAL BRANCH RECORDS**

**(a)    Scope and Purpose.** Subject to the rulemaking power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to <u>and the protection of </u>the records of the judicial branch of government. The public shall have access to all records of the judicial branch of government, except as provided below. <u>Access to all electronic and other court records shall be governed by the Standards for Access to Electronic Court Records and Access Security Matrix, as adopted by the supreme court in Administrative Order AOSC14-19 or the then-current Standards for Access. Remote access to electronic court records shall be permitted in counties where the supreme court's conditions for release of such records are met.</u>

**(b)    Definitions.**

(1) – (2)    [No Change]

(3)  "Custodian."  The custodian of all administrative records of any court is the chief justice or chief judge of that court, except that each judge is the custodian of all records that are solely within the possession and control of that judge. As to all other records, the custodian is the official charged with the responsibility ~~of maintaining the office having~~<u>for</u> the care, <u>safe</u>keeping, and supervision of such records. All references to "custodian" mean the custodian or the custodian's designee.

(4) – (6)    [No Change]

**(c) – (m)**  [No Change]

**Committee Note**
[No Change]

**2002 Court Commentary**
[No Change]

**2005  Court Commentary**
[No Change]

## 2007  Court Commentary
[No Change]

## 2007 Committee Commentary
[No Change]

IN THE .....(NAME OF COURT)....., FLORIDA

CASE NO.: _____

_____

Plaintiff/Petitioner,

v.

_____

Defendant/Respondent.

_____/

## NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING

Pursuant to Florida Rule of Judicial Administration 2.420(d)(2), I hereby certify:

( )(1) I am filing herewith a document containing confidential information as described in Rule 2.420(d)(1)(B) and that:

(a) The title/type of document is _____,

and:

(b)( ) the entire document is confidential, or

( ) the confidential information within the document is precisely located at: _____.

OR

( )(2) A document was previously filed in this case that contains confidential information as described in Rule 2.420(d)(1)(B), but a Notice of Confidential Information within Court Filing was not filed with the document and the confidential information was not maintained as confidential by the clerk of the court. I ~~herby~~hereby notify the clerk that this confidential information is located as follows:

(a) Title/type of document:_____;

(b) Date of filing (if known):_____;

(c) Date of document:_____;

(d) Docket entry number:_____ ;

(e) ( ) Entire document is confidential, or

( ) Precise location of confidential information in document: _____.

_____

Filer's Signature

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by (e-mail) (delivery) (mail) (fax) on: (All parties and Affected Non-Parties. Note: If the name or address of a Party or Affected Non-Party is confidential DO NOT include such information in this Certificate of Service. Instead, serve the State Attorney or request Court Service. See Rule 2.420(k)) _____, on _____, 20_____ .

Name ……………………................……..
Address ………………….......…………….
Phone ………………………....………
Florida Bar No. (if applicable)..............
 E-mail address ....................................