# Supreme Court of Florida

---

No. SC2025-1478

---

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES.**

June 25, 2026

PER CURIAM.

The Florida Bar's Probate Rules Committee proposes amending Florida Probate Rules 5.030 (Attorneys), 5.040 (Notice), 5.041 (Service of Pleadings and Documents), 5.043 (Deposit of Wills and Codicils), 5.060 (Request for Notices and Copies of Pleadings), 5.120 (Administrator Ad Litem and Guardian Ad Litem), 5.340 (Inventory), 5.342 (Inventory of Safe-Deposit Box), 5.350 (Continuance of Unincorporated Business or Venture), 5.355 (Proceedings for Review of Employment of Agents and Compensation of Personal Representatives and Estate Employees), 5.360 (Elective Share), 5.370 (Sales of Real Property Where No Power Conferred), 5.380 (Compulsory Payment of Devises or Distributive Interests), 5.385 (Determination of Beneficiaries and

Shares), 5.386 (Escheat), 5.400 (Distribution and Discharge), 5.401 (Objections to Petition for Discharge or Final Accounting), 5.402 (Notice of Lien on Protected Homestead), 5.403 (Proceedings to Determine Amount of Lien on Protected Homestead), 5.405 (Proceedings to Determine Protected Homestead Status of Real Property), 5.406 (Proceedings to Determine Exempt Property), 5.407 (Proceedings to Determine Family Allowance), 5.430 (Resignation of Personal Representative), 5.440 (Proceedings for Removal of Personal Representative), 5.460 (Subsequent Administration), 5.475 (Ancillary Administration, Short Form), 5.490 (Form and Manner of Presenting Claim), 5.496 (Form and Manner of Objecting to Claim), 5.498 (Personal Representative's Proof of Claim), 5.499 (Form and Manner of Objecting to Personal Representative's Proof of Claim), 5.510 (Establishment and Probate of Lost or Destroyed Will), 5.530 (Summary Administration), 5.620 (Inventory), 5.631 (Petition for Approval by Professional Guardian for Order Not to Resuscitate or to Withhold Life-Prolonging Procedures), 5.650 (Resignation or Disqualification of Guardian; Appointment of Successor), 5.660 (Proceedings for Removal of Guardian), 5.670 (Termination of Guardianship on Change of Domicile of Resident Ward), 5.680

(Termination of Guardianship), 5.690 (Initial Guardianship Report), and 5.695 (Annual Guardianship Report).[1]  The Committee and the Court published the proposal for comment and no comments were received.

Throughout the listed probate rules, rule references to Rules of General Practice and Judicial Administration 2.516 and 2.525 are amended to reflect the recently adopted changes to the titles of these two rules.  *See In re Amends. to Fla. Rules of Gen. Prac. & Jud. Admin.*, 416 So. 3d 242 (Fla. 2025).  The references to rule 2.516 are amended to reflect the new title of "Service" where formerly it was "Service of Pleadings and Documents."  *Id.*  Similarly, the references to rule 2.525 are amended to reflect the new title of "Filing" from "Electronic Filing."  Grammatical changes are made throughout in compliance with the Guidelines.  *See In re Guidelines for Rules Submissions*, Fla. Admin. Order No. AOSC22-78 (Fla. Oct. 24, 2022).  Additionally, references to Florida Rule of General Practice and Judicial Administration 2.420 are amended to add "and protection of" to reflect the correct title of that rule.  *See In re*

_____

    1.  We have jurisdiction.  Art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

*Amends. to Fla. Rule of Jud. Admin. 2.420*, 153 So. 3d 896, 899 (Fla. 2014).

Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments shall become effective on October 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Michael A. Sneeringer, Chair, Probate Rules Committee, Bonita Springs, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 5.030.   ATTORNEYS

**(a)    Required; Exception.** Every guardian and every personal representative, unless the personal representative remains the sole interested person, ~~shall~~must be represented by an attorney admitted to practice in Florida. A guardian or personal representative who is an attorney admitted to practice in Florida may represent himself or herself as guardian or personal representative. A guardian advocate is not required to be represented by an attorney unless otherwise required by law or the court.

**(b)    Limited Appearance Without Court Order.** An attorney of record for an interested person in a proceeding governed by these rules ~~shall~~must be the attorney of record in all other proceedings in the administration of the same estate or guardianship, except service of process in an independent action on a claim, unless at the time of appearance the attorney files a notice specifically limiting the attorney's appearance only to the particular proceeding or matter in which the attorney appears. At the conclusion of that proceeding or matter, the attorney's role terminates ~~up~~on the attorney filing notice of completion of limited appearance and serving ~~a copy~~the notice on the client and other interested persons.

**(c)    Withdrawal or Limited Appearance With Court Order.** An attorney of record may withdraw or limit the attorney's appearance with approval of the court, after filing a motion setting forth the reasons and serving ~~a copy~~the motion on the client and other interested persons.

### Committee Notes

[No Change]

### Rule History

1975 Revision-2012 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and papers.

Fla. Prob. R. 5.110(b), (c) Resident agent.

Fla. R. Gen. Prac. & Jud. Admin. 2.505 Attorneys.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

Fla. R. App. P. 9.440 Attorneys.

## RULE 5.040.   NOTICE

### (a)   Formal Notice.

(1)   *Procedure for Formal Notice.* When formal notice is given, ~~a copy of~~ the pleading or motion must be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately after service, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.

(2) – (6)   [No Change]

### (b) – (e)   [No Change]

**Committee Notes**

[No Change]

**Rule History**

1975 Revision-2025 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.030 Attorneys.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Gen. Prac. & Jud. Admin. 2.505 Attorneys.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

Fla. R. Civ. P. 1.070 Process.

Fla. R. Civ. P. Form 1.902 Summons.

# RULE 5.041. SERVICE OF PLEADINGS AND DOCUMENTS

**(a)  Service.** Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or document filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, ~~shall~~must be served on interested persons as set forth in Florida Rule of General Practice and Judicial Administration 2.516 unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise.

**(b)  Interested Persons.** No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted. For purposes of this rule an interested person ~~shall be~~is deemed a party under rule 2.516.

**(c)  Minors.** If the interested person is a minor whose disabilities of nonage are not removed, and who is not represented by an attorney, then service ~~shall~~must be on the persons designated to accept service of process on a minor under chapter 48, Florida Statutes.

## Committee Notes

[No Change]

### Rule History

1984 Revision-2016 Revision [No Change]

2026 Revision: Rule was divided into 3 subdivisions. Committee notes revised.

### Statutory References

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.030 Attorneys.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.150(c) Order requiring accounting.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.240(a) Notice of administration.

Fla. Prob. R. 5.340(d) Inventory.

Fla. Prob. R. 5.550 Petition to determine incapacity.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Civ. P. 1.080 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.505 Attorneys.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.043.    DEPOSIT OF WILLS AND CODICILS

[No Change]

**Committee Notes**

[No Change]

**Rule History**

2012 Revision-2020 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. R. Gen. Prac. & Jud. Admin. 2.430 Retention of court records.

Fla. R. Gen. Prac. & Jud. Admin. 2.525 ~~Electronic f~~Filing.

## RULE 5.060.   REQUEST FOR NOTICES AND COPIES OF PLEADINGS

**(a)   Request.** Any interested person who desires notice of proceedings in the estate of a decedent or ward may file a separate written request for notice of further proceedings, designating ~~therein such~~the interested person's residence and post office address. When ~~such~~the interested person's residence or post office address changes, a new designation of ~~such~~the change ~~shall~~must be filed in the proceedings. A person filing ~~such~~the request, or address change, must serve a copy on the attorney for the personal representative or guardian, and include a certificate of service.

**(b)   Notice and Copies.** A party filing a request ~~shall~~must be served thereafter by the moving party with notice of further proceedings and with copies of subsequent pleadings and documents as long as the party is an interested person.

**Committee Notes**
**Rule History**

- 10 -

1975 Revision-2013 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.340 Inventory.

Fla. Prob. R. 5.341 Estate information.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

# RULE 5.120. ADMINISTRATOR AD LITEM AND GUARDIAN AD LITEM

**(a) Appointment.**

(1) At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an incapacitated person, an unborn or unascertained person, a minor or any other person otherwise under a legal disability, a person with a developmental disability, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate.

(2) When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and:

(A) there is no personal representative of the estate or guardian of the ward~~, or~~:

- 11 -

(B)    the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing the personal representative's or guardian's own debt or claim against the estate or ward,; or

(C)    the necessity arises otherwise, the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. ~~At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an incapacitated person, an unborn or unascertained person, a minor or any other person otherwise under a legal disability, a person with a developmental disability, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate.~~

(3)    If not precluded by conflict of interest, a guardian ad litem may be appointed to represent several persons or interests.

(4)    The administrator ad litem or guardian ad litem ~~shall~~must file an oath to discharge all duties faithfully and ~~upon~~ the filing ~~shall~~must be qualified to act. No process need be served ~~upon~~ the administrator ad litem or guardian ad litem, but such person ~~shall~~must appear and defend as directed by the court.

**(b)    Petition.** The petition for appointment of a guardian ad litem ~~shall~~must state to the best of petitioner's information and belief:

(1) – (5)    [No Change]

**(c)    Notice.** Within 10 days after appointment, the petitioner ~~shall~~must serve conformed copies of the petition for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor, person with a developmental disability, or incapacitated person.

**(d)    Report.** The guardian ad litem ~~shall~~must serve ~~conformed copies of~~ any written report or finding of the guardian ad

litem's investigation and answer filed in the proceedings, petition for compensation and discharge, and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor, person with a developmental disability, or incapacitated person.

**(e)** **Service of Petition and Order.** Within 10 days after appointment, the petitioner for an administrator ad litem ~~shall~~must serve ~~conformed copies of~~ the petition for appointment and order to the attorney of record of each beneficiary and to each known beneficiary not represented by an attorney of record.

**(f)** **Enforcement of Judgments.** When an administrator ad litem or guardian ad litem recovers any judgment or other relief, it ~~shall~~must be enforced as other judgments. Execution ~~shall~~ issues in favor of the administrator ad litem or guardian ad litem for the use of the estate or ward and the money collected ~~shall~~must be paid to the personal representative or guardian, or as otherwise ordered by the court.

**(g)** [No Change]

## Committee Notes

**Rule History**

1977 Revision-2020 Revision [No Change]

2026 Revision: Subdivision (a) reorganized. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.


## RULE 5.340.   INVENTORY

**(a) – (h)**   [No Change]

**Committee Notes**

[No Change]

**Rule History**

1980 Revision-2024 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Constitutional Reference**

[No Change]

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.360 Elective share.

Fla. Prob. R. 5.405 Proceedings to determine homestead status of real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.342.   INVENTORY OF SAFE-DEPOSIT BOX

**(a)    Filing.** The personal representative ~~shall~~must file an inventory of the contents of the decedent's safe-deposit box within 10 days of the initial opening of the box by the personal representative or the personal representative's attorney of record. The inventory ~~shall~~must include a copy of the financial institution's entry record for the box from a date that is ~~six~~6 months ~~prior to~~before the decedent's date of death to the date of the initial opening by the personal representative or the personal representative's attorney of record.

**(b)**    [No Change]

**(c)    Service.** The personal representative ~~shall~~must serve a copy of the inventory on the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing.

### Committee Notes

[No Change]

### Rule History

2003 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.340 Inventory.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.350.   CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE

(a)   **Separate Accounts and Reports.** In the conduct of an unincorporated business or venture, the personal representative ~~shall~~must keep separate, full, and accurate accounts of all receipts and expenditures and make reports as the court may require.

(b)   **Petition.** If the personal representative determines it to be in the best interest of the estate to continue an unincorporated business or venture beyond the time authorized by statute or will, the personal representative ~~shall~~must file a verified petition which ~~shall~~must include:

(1) – (6)   [No Change]

(c)   **Order.** If the continuation is authorized, the order ~~shall~~must state:

(1) – (3)   [No Change]

(d)   **Petition by Interested Person.** Any interested person, at any time, may petition the court for an order regarding the operation of, accounting for, or termination of an unincorporated business or venture, and the court ~~shall~~must enter an order ~~thereo~~n the petition.

**Committee Notes**

**Rule History**

1975 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.355.   PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES

~~After notice to all interested persons and upon petition of an interested person bearing all or a part of the impact of the payment of compensation to the personal representative or any person employed by the personal representative, the propriety of the employment and the reasonableness of the compensation or payment may be reviewed by the court.~~

(a)   **Review.** The court may review the propriety of the employment and the reasonableness of the compensation paid to the personal representative or any person employed by the personal representative. A petition seeking review must be filed with the court and served on all interested persons.

(b)   **Petition.** The petition ~~shall~~must state the grounds on which it is based. The burden of proving the propriety of the employment and the reasonableness of the compensation ~~shall be upon~~is on the personal representative and the person employed by the personal representative. Any person who is determined to have received excessive compensation from an estate may be ordered to make appropriate refunds.

**Committee Notes**

- 17 -

**Rule History**

1988 Revision-2012 Revision [No Change]

2026 Revision: Rule divided into subdivisions and reorganized. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


## RULE 5.360.   ELECTIVE SHARE

**(a)   Election.** An election to take the elective share may be filed by the surviving spouse, or on behalf of the surviving spouse by an agent or guardian of the property of the surviving spouse.

(1)   *Election by Surviving Spouse.* An electing surviving spouse must file the election within the time required by law and promptly serve ~~a copy of~~ the election on the personal representative in the manner provided for service of formal notice.

(2)   *Election by Agent or Guardian of the Property of Surviving Spouse.*

(A)   [No Change]

(B)   Notice of Petition. ~~Upo~~On receipt of the petition, the personal representative must promptly serve a copy of the petition by formal notice on all interested persons.

(C)    [No Change]

(D)    Filing the Election. ~~Upo~~On entry of an order authorizing the filing of an election, the agent or guardian of the property must file the election within the later of the time provided by law or 30 days from service of the order and promptly serve ~~a copy of~~ the election on the personal representative in the manner provided for service of formal notice.

**(b)    Procedure for Election.**

(1) – (2)    [No Change]

(3)    *Service of Notice.* ~~Upo~~On receipt of an election the personal representative must serve a notice of election within 20 days following service of the election, together with a copy of the election, on all interested persons in the manner provided for service of formal notice. The notice of election must indicate the names and addresses of the attorneys for the surviving spouse and the personal representative and must state that:

(A) – (C)    [No Change]

(4)    *Objection to Election.* Within 20 days after service of the notice of election, an interested person may serve an objection to the election which must state with particularity the grounds on which the objection is based. The objecting party must serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative must promptly serve ~~a copy of~~ the objection on all other interested persons who have not previously been served with a copy of the objection.

**(c)**    [No Change]

**(d)    Procedure to Determine Amount of Elective Share and Contribution.**

(1) – (3)    [No Change]

(4)    *Objection to Amount of Elective Share.* Within 20 days after service of the petition to determine the amount of the elective share, an interested person may serve an objection to the amount of or distribution of assets to satisfy the elective share. The objection must state with particularity the grounds on which the objection is based. The objecting party must serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative must promptly serve ~~a copy of~~ the objection on all interested persons who have not previously been served.

(5) – (6)    [No Change]

**(e)**    [No Change]

## Committee Notes

The extensive rewrite of this rule in 2001 is intended to conform it with and provide procedures to accommodate amendments to Florida's elective share statutes. Sections 732.201 *et seq.*, Florida Statutes. Proceedings to determine entitlement to elective share are not specific adversary proceedings under rule 5.025(a), but may be declared adversary at the option of the party. Proceedings to determine the amount of elective share and contribution are specific adversary proceedings under rule 5.025(a). Requirements for service are intended to be consistent with the requirements for formal notice. Rule 5.040. Service of process may be required to obtain personal jurisdiction over direct recipients who are not otherwise interested persons and who have not voluntarily submitted themselves to the jurisdiction of the court. Rule 5.040(a)(3)(C); chapter 48, Florida Statutes, Process and Service of Process; chapter 49, Florida Statutes, Constructive Service of Process. An inventory of the elective estate should be afforded the same confidentiality as other estate inventories. Section 733.604(1) and (2), Florida Statutes. In fulfilling ~~his or her~~a personal representative's obligations under this rule, a personal representative is not required to make impractical or extended searches for property entering into the elective estate and the identities of direct recipients. Preexisting rights to dower and

curtesy formerly addressed in subdivision (e) of this rule are now governed by new rule 5.365.

Counsel's attention is directed to Florida Ethics Opinion 76-16, dated April 4, 1977, for guidance regarding the duties of an attorney with respect to spousal rights.

**Rule History**

1984 Revision-2019 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.340 Inventory.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

Fla. R. App. P. 9.020~~(h)~~ Definitions.

**RULE 5.370.   SALES OF REAL PROPERTY WHERE NO POWER CONFERRED**

**(a)   Petition.** When authorization or confirmation of the sale of real property is required, the personal representative ~~shall~~must file a verified petition setting forth the reasons for the sale, a description of the real property sold or proposed to be sold, and the price and terms of the sale.

**(b)** **Order.** If the sale is authorized or confirmed, the order ~~shall~~must describe the real property. An order authorizing a sale may provide for the public or private sale of the real property described ~~therein~~ the order, in parcels or as a whole. An order authorizing a private sale ~~shall~~must specify the price and terms of the sale. An order authorizing a public sale ~~shall~~must specify the type of notice of sale to be given by the personal representative.

## Committee Notes

[No Change]

## Rule History

1984 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

## Statutory References

[No Change]

## Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


## RULE 5.380.   COMPULSORY PAYMENT OF DEVISES OR DISTRIBUTIVE INTERESTS

**(a)**   [No Change]

- 22 -

**(b)    Order.** If the court finds that the property will not be required for the purposes set forth in subdivision (a), it may enter an order describing the property to be surrendered or delivered and compelling the personal representative, ~~prior to~~before the final settlement of the personal representative's accounts, to do ~~one~~1 or more of the following:

(1)    ~~P~~pay all or any part of a devise in money~~.~~;

(2)    ~~D~~deliver specific personal property within the personal representative's custody and control~~.~~;

(3)    ~~P~~pay all or any part of a distributive interest in the personal estate of a decedent~~.~~; or

(4)    ~~S~~surrender real property.

**(c)**    [No Change]

**Committee Notes**

**Rule History**

1984 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

**RULE 5.385.  DETERMINATION OF BENEFICIARIES AND SHARES**

**(a)**  [No Change]

**(b)**  **Petition.** The petition ~~shall~~<u>must</u> include:

(1) – (4)  [No Change]

**(c)**  **Order.** After formal notice and hearing, the court ~~shall~~<u>must</u> enter an order determining the beneficiaries or the shares and amounts they are entitled to receive, or both.

**Committee Notes**

[No Change]

**Rule History**

1988 Revision-2014 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.

Fla. Prob. R. 5.205(a)(5) Filing evidence of death.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

- 24 -

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

**RULE 5.386.   ESCHEAT**

**(a)   Escheat Proceeding.** If it appears to the personal representative that an estate may escheat or there is doubt about the existence of any person entitled to the estate, the personal representative ~~shall~~must institute a proceeding to determine beneficiaries within 1 year after letters have been issued to the personal representative, and notice ~~shall~~must be served on the Department of Legal Affairs. If the personal representative fails to institute the proceeding within the time fixed, it may be instituted by the Department of Legal Affairs.

**(b)   Court's Report.** On or before January 15 of each year, each court ~~shall~~must furnish to the Department of Legal Affairs a list of all estates being administered in which no person appears to be entitled to the property and the personal representative has not instituted a proceeding for the determination of beneficiaries.

**(c)   Administration.** Except as ~~herein~~ provided in this rule, escheated estates ~~shall be~~are administered as other estates.

**Committee Notes**

[No Change]

**Rule History**

1988 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

- 25 -

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.385 Determination of beneficiaries and shares.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


**RULE 5.400.   DISTRIBUTION AND DISCHARGE**

**(a)   Petition for Discharge; Final Accounting.** A personal representative who has completed administration except for distribution ~~shall~~<u>must</u> file a final accounting and a petition for discharge including a plan of distribution.

**(b)   Contents.**

The petition for discharge ~~shall~~<u>must</u> contain a statement:

(1) – (4)    [No Change]

(5)    showing a plan of distribution which ~~shall~~<u>must</u> include:

(A) – (D)    [No Change]

(6)    that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing ~~thereon~~ <u>the objection</u> must be served or the objection is abandoned; and

(7)    that objections, if any, ~~shall~~<u>must</u> be in writing and ~~shall~~<u>must</u> state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.

**(c)    Closing Estate; Extension.** The final accounting and petition for discharge ~~shall~~<u>must</u> be filed and served on interested persons within 12 months after issuance of letters for an estate not filing a federal estate tax return, otherwise within 12 months from the date the return is due, unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time ~~shall~~<u>must</u> state the status of the estate and the reason for the extension.

**(d)    Distribution.** The personal representative ~~shall~~<u>must</u> promptly distribute the estate property in accordance with the plan of distribution, unless objections are filed as provided in these rules.

**(e)    Discharge.** On receipt of evidence that the estate has been fully administered and properly distributed, the court ~~shall~~<u>must</u> enter an order discharging the personal representative and releasing the surety on any bond.

**Committee Notes**

[No Change]

**Rule History**

1980 Revision-2013 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.346 Fiduciary accounting.

Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.

Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(D) Time standards for trial and appellate courts and reporting requirements.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


**RULE 5.401.    OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING**

**(a) – (b)**    [No Change]

**(c)    Service.** ~~Copies of t~~The objections ~~shall~~must be served by the objector on the personal representative and interested persons not later than 30 days after the last date on which the petition for discharge or final accounting was served on the objector.

**(d)    Hearing on Objections.** Any interested person may set a hearing on the objections. Notice of the hearing ~~shall~~must be given to all interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections ~~shall be~~are deemed abandoned and the personal representative may make distribution as set forth in the plan of distribution.

**(e)   Order on Objections.** The court ~~shall~~<u>must</u> sustain or overrule any objections to the petition for discharge and final accounting and ~~shall~~ determine a plan of distribution.

**(f)   Discharge.** On receipt of evidence that the estate has been distributed according to the plan determined by the court and the claims of creditors have been paid or otherwise disposed of, the court ~~shall~~<u>must</u> enter an order discharging the personal representative and releasing the surety on any bond.

## Committee Notes
### Rule History

1984 Revision-2012 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.400 Distribution and discharge.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

# RULE 5.402.   NOTICE OF LIEN ON PROTECTED HOMESTEAD

**(a)     Filing.** If the personal representative has recorded a notice of lien on protected homestead, the personal representative ~~shall~~must file a copy of the recorded notice in the probate proceeding.

**(b)     Contents.** The notice of lien ~~shall~~must contain:

(1) – (4)     [No Change]

**(c)     Service.** ~~A copy of t~~The recorded notice of lien ~~shall~~must be served on interested persons in the manner provided for service of formal notice.

## Committee Notes

**Rule History**

2005 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.403 Proceedings to determine amount of lien on protected homestead.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. Prob. R. 5.405 Proceedings to determine protected homestead status of real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

**RULE 5.403.   PROCEEDINGS TO DETERMINE AMOUNT OF LIEN ON PROTECTED HOMESTEAD**

**(a)**   [No Change]

**(b)   Contents.** The petition ~~shall~~<u>must</u> be verified by the petitioner and ~~shall~~<u>must</u> state:

(1) – (5)   [No Change]

**(c)   Service.** The petition ~~shall~~<u>must</u> be served on interested persons by formal notice.

**Committee Notes**

**Rule History**

2005 Revision-2012 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.402 Notice of lien on protected homestead.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. Prob. R. 5.405 Proceedings to determine protected homestead status of real property.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

# RULE 5.405.  PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD STATUS OF REAL PROPERTY

**(a) – (d)**    [No Change]

## Committee Notes

[No Change]

## Rule History

1984 Revision-2025 Revision [No Change]

2026 Revision: Committee notes revised.

## Constitutional Reference

[No Change]

## Statutory References

[No Change]

## Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.205(a)(6) Filing evidence of death.

Fla. Prob. R. 5.340 Inventory.

Fla. Prob. R. 5.404 Notice of taking possession of protected homestead.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the filing of sensitive information.

Fla. R. Gen. Prac. & Jud. Admin 2.516 Service ~~of pleadings and documents~~.

## RULE 5.406.   PROCEEDINGS TO DETERMINE EXEMPT PROPERTY

**(a)**   [No Change]

**(b)**   **Contents.** The petition ~~shall~~must be verified by the petitioner and ~~shall~~must:

(1) – (2)    [No Change]

**(c)**   **Order.** The court ~~shall~~must determine each item of exempt property and its value, if necessary to determine its exempt status, and order the surrender of that property to the persons entitled to it.

### Committee Notes

[No Change]

### Rule History

1984 Revision-2012 Revision [No Change]

2014 Revision: Subdivision (b)(2) amended to conform to ~~Fla. R. Gen. Prac. & Jud. Admin.~~Florida Rule of General Practice and Judicial Administration 2.425 and provide the year of birth of a minor. Committee notes revised.

2026 Revision: Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.420 Disposition of personal property without administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.407.    PROCEEDINGS TO DETERMINE FAMILY ALLOWANCE

**(a)**    [No Change]

**(b)**    **Contents.** The petition ~~shall~~must be verified by the petitioner and ~~shall~~must:

(1) – (2)    [No Change]

**(c)**    **Order.** The order ~~shall~~must identify each adult person's name and each minor child's initials entitled to the allowance, the amount to which each is entitled, the method of payment, and to whom payment should be made.

**Committee Notes**

**Rule History**

2003 Revision-2019 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Filing of Sensitive Information.

## RULE 5.430.   RESIGNATION OF PERSONAL REPRESENTATIVE

**(a)**   [No Change]

**(b)   Petition for Resignation.** The personal representative seeking to resign ~~shall~~must file a petition for resignation. The petition ~~shall~~must be verified and ~~shall~~must state:

(1) – (3)   [No Change]

(4)   whether the appointment of a successor fiduciary is necessary. If the petition nominates a successor fiduciary, it ~~shall~~must state the nominee's priority under the Florida Probate Code, if any, and that the nominee is qualified to serve under the laws of Florida.

**(c)   Service.** The petition ~~shall~~must be served by formal notice on all interested persons and the personal representative's surety, if any.

**(d)   Appointment of Successor.** Before accepting the resignation, the court ~~shall~~must determine the necessity for appointment of a successor fiduciary. If there is no joint personal representative serving, the court ~~shall~~must appoint a successor fiduciary.

**(e)   Acceptance of Resignation.** The court may accept the resignation and revoke the letters of the resigning personal representative if the interests of the estate are not jeopardized. Acceptance of the resignation ~~shall~~must not exonerate the resigning personal representative or the resigning personal representative's surety from liability.

**(f)   Delivery of Records and Property.** The resigning personal representative ~~shall~~must immediately ~~upon~~ acceptance of the resignation by the court deliver to the remaining personal representative or the successor fiduciary all of the records of the estate and all property of the estate, unless otherwise directed by the court.

**(g)   Petition for Discharge; Accounting.** The resigning personal representative ~~shall~~must file an accounting and a petition for discharge within 30 days after the date that the letters of the resigning personal representative are revoked by the court. The petition for discharge ~~shall~~must be verified and ~~shall~~must state:

(1) – (3)   [No Change]

**(h)   Notice, Filing, and Objections to Accounting.** Notice of, filing of, and objections to the accounting of the resigning personal representative ~~shall~~must be as provided in rule 5.345.

**(i)   Notice of Filing and Objections to Petition for Discharge.**

(1)   Notice of filing and ~~a copy of~~ the petition for discharge ~~shall~~must be served on all interested persons. The notice ~~shall~~must state that objections to the petition for discharge must be filed within 30 days after the later of service of the petition or service of the accounting on that interested person.

(2)   Any interested person may file an objection to the petition for discharge within 30 days after the later of service of the petition or service of the accounting on that interested person. Any objection not filed within ~~such time shall be~~30 days is deemed abandoned. An objection ~~shall~~must be in writing and ~~shall~~must

state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.

(3) The objecting party ~~shall~~must serve ~~a copy of~~ the objection on the resigning personal representative and other interested persons.

(4) Any interested person may set a hearing on the objections. Notice of the hearing ~~shall~~must be given to the resigning personal representative and other interested persons.

**(j)  Failure to File Accounting or Deliver Records or Property.** The resigning personal representative ~~shall be~~is subject to contempt proceedings if the resigning personal representative fails to file an accounting or fails to deliver all property of the estate and all estate records under the control of the resigning personal representative to the remaining personal representative or the successor fiduciary within the time prescribed by this rule or by court order.

**(k)  Discharge.** The court ~~shall~~must enter an order discharging the resigning personal representative and releasing the surety on any bond after the court is satisfied that the resigning personal representative has delivered all records and property of the estate to the remaining personal representative or the successor fiduciary; that all objections, if any, to the accounting of the resigning personal representative have been withdrawn, abandoned, or judicially resolved; and that the liability of the resigning personal representative has been determined and satisfied.

**Committee Notes**

[No Change]

**Rule History**

1975 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.310 Disqualification of personal representative; notification.

Fla. Prob. R. 5.330 Execution by personal representative.

Fla. Prob. R. 5.345 Accountings other than personal representatives' final accountings.

Fla. Prob. R. 5.346 Fiduciary accounting.

Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.440.  PROCEEDINGS FOR REMOVAL OF PERSONAL REPRESENTATIVE

**(a)  Commencement of Proceeding.** The court on its own motion may remove, or any interested person by petition may commence a proceeding to remove, a personal representative. A petition for removal ~~shall~~must state the facts constituting the grounds ~~up~~on which removal is sought, and ~~shall~~must be filed in the court having jurisdiction over the administration of the estate.

**(b)  Accounting.** A removed personal representative ~~shall~~must file an accounting within 30 days after removal.

**(c)    Delivery of Records and Property.** A removed personal representative ~~shall~~<u>must</u>, immediately after removal or within such time prescribed by court order, deliver to the remaining personal representative or to the successor fiduciary all of the records of the estate and all of the property of the estate.

**(d)    Failure to File Accounting or Deliver Records and Property.** If a removed personal representative fails to file an accounting or fails to deliver all property of the estate and all estate records under the control of the removed personal representative to the remaining personal representative or to the successor fiduciary within the time prescribed by this rule or by court order, the removed personal representative ~~shall~~<u>will</u> be subject to contempt proceedings.

**Committee Notes**

[No Change]

**Rule History**

1980 Revision-2012 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.150 Order requiring accounting.

Fla. Prob. R. 5.310 Disqualification of personal representative; notification.

Fla. Prob. R. 5.345 Accountings other than personal representatives' final accountings.

Fla. Prob. R. 5.346 Fiduciary accounting.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

# RULE 5.460.   SUBSEQUENT ADMINISTRATION

**(a)** **Petition.** If, after an estate is closed, additional property of the decedent is discovered or if further administration of the estate is required for any other reason, any interested person may file a petition for further administration of the estate. The petition ~~shall~~must be filed in the same probate file as the original administration.

**(b)** **Contents.** The petition ~~shall~~must state:

(1) – (4)    [No Change]

**(c)** **Order.** The court ~~shall~~must enter such orders as appropriate. Unless required, the court need not revoke the order of discharge, reissue letters, or require bond.

## Committee Notes

[No Change]

**Rule History**

1984 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory Reference**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


# RULE 5.475.   ANCILLARY ADMINISTRATION~~,~~; SHORT FORM

**(a)   Filing Requirements.** The foreign personal representative of a testate estate that meets the requirements of section 734.1025, Florida Statutes, may file with the clerk in the county where any property is located an authenticated copy of so much of the transcript of the foreign proceedings as will show:

(1) – (4)   [No Change]

On presentation of the foregoing, the court ~~shall~~must admit the will and any codicils to probate if they comply with section 732.502(1) or section 732.502(2), Florida Statutes.

**(b)**   [No Change]

**(c)   Claims Procedure.** The procedure for filing or barring claims and objecting to them and for suing on them ~~shall be~~is the same as for other estates, except as provided in this rule.

**(d)   Order.** If no claims are filed against the estate within the time allowed, the court ~~shall~~must enter an order adjudging that notice to creditors has been duly published and proof ~~thereof~~of publication filed and that no claims have been filed against the estate or that all claims have been satisfied.

**(e)** **Notification of Claims Filed.** If any claim is filed against the estate within the time allowed, the clerk ~~shall~~must send to the foreign personal representative a copy of the claim and a notice setting a date for a hearing to appoint an ancillary personal representative. At the hearing, the court ~~shall~~must appoint an ancillary personal representative according to the preferences as provided by law.

**(f)** **Objections to Claims.** If an ancillary personal representative is appointed ~~pursuant to~~under this rule, the procedure for filing, objecting to, and suing on claims ~~shall be~~is the same as for other estates, except that the ancillary personal representative appointed ~~shall have~~has not less than 30 days from the date of appointment within which to object to any claim filed.

**Committee Notes**

[No Change]

**Rule History**

1988 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.

Fla. Prob. R. 5.205(a)(2) Filing evidence of death.

Fla. Prob. R. 5.215 Authenticated copy of will.

Fla. Prob. R. 5.240 Notice of administration.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.470 Ancillary administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


## RULE 5.490.   FORM AND MANNER OF PRESENTING CLAIM

**(a)    Form.** A creditor's statement of claim ~~shall~~must be verified and filed with the clerk and ~~shall~~must state:

(1) – (5)    [No Change]

**(b)    Service.** The clerk ~~shall~~must serve ~~a copy of~~ the claim as set forth in rule 5.041, to the attorney for the personal representative, unless all personal representatives file a notice directing that claims be served on a designated personal representative or designated attorney of record. Absent designation, ~~a copy of~~the claim ~~shall~~must be served on the attorney for the personal representative named first in the letters of administration. The clerk ~~shall~~must note the fact and date of service on the statement of claim ~~pursuant to~~under this rule.

**(c)    Validity of Claim.** Failure to deliver or receive ~~a copy of~~ the claim ~~shall~~will not affect the validity of the claim.

**(d)**    [No Change]

**(e)    Service by Personal Representative.** If the personal representative files a claim individually, or in any other capacity creating a conflict of interest between the personal representative and any interested person, then at the time the claim is filed, the personal representative ~~shall~~must serve all interested persons with

a copy of the claim and notice of the right to object to the claim. The notice ~~shall~~must state that an interested person may object to a claim as provided by law and rule 5.496. Service ~~shall~~must be either by informal notice or in the manner provided for service of formal notice. Service on ~~one~~1 interested person by a chosen method ~~shall~~will not preclude service on another interested person by another method.

## Committee Notes

[No Change]

## Rule History

1975 Revision-2019 Revision [No Change]

2026 Revision: Committee notes revised.

## Statutory References

[No Change]

## Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.241 Notice to creditors.

Fla. Prob. R. 5.470 Ancillary administration.

Fla. Prob. R. 5.475 Ancillary administration~~,~~; short form.

Fla. Prob. R. 5.530 Summary administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of Pleadings and Documents~~.

Fla. R. Gen. Prac. & Jud. Admin. 2.520 Documents.

Fla. R. Gen. Prac. & Jud. Admin. 2.525 ~~Electronic~~ Filing.

## RULE 5.496.    FORM AND MANNER OF OBJECTING TO CLAIM

**(a)    Filing.** An objection to a claim, other than a personal representative's proof of claim, ~~shall~~must be in writing and filed on or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing or amendment of the claim, whichever occurs later.

**(b)    Service.** A personal representative or other interested person who files an objection to the claim ~~shall~~must serve ~~a copy of~~ the objection on the claimant. If the objection is filed by an interested person other than the personal representative, ~~a copy of~~ the objection ~~shall~~must also be served on the personal representative. Any objection ~~shall~~must include a certificate of service.

**(c)    Notice to Claimant.** An objection ~~shall~~must contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law.

### Committee Notes

[No Change]

### Rule History

1992 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.498 Personal representative's proof of claim.

Fla. Prob. R. 5.499 Form and manner of objecting to personal representative's proof of claim.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


## RULE 5.498.    PERSONAL REPRESENTATIVE'S PROOF OF CLAIM

**(a)    Contents.** A personal representative's proof of claim ~~shall~~<u>must</u> state:

(1) – (6)    [No Change]

(7)    that any objection to a claim listed as to be paid ~~shall~~<u>must</u> be filed no later than 4 months from first publication of the notice to creditors or 30 days from the date of the filing of the proof of claim, whichever occurs later.

**(b)    Service.** The proof of claim ~~shall~~<u>must</u> be served at the time of filing<u>,</u> or promptly ~~there~~after <u>filing,</u> on all interested persons.

### Committee Notes

[No Change]

### Rule History

2005 Revision-2012 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.499 Form and manner of objecting to personal representative's proof of claim.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

**RULE 5.499.  FORM AND MANNER OF OBJECTING TO PERSONAL REPRESENTATIVE'S PROOF OF CLAIM**

**(a) – (d)**  [No Change]

**(e)  Service.** The objector must serve ~~a copy of~~ the objection on the personal representative and, in the case of any objection to an item listed as to be paid, must also serve ~~a copy~~the objection on that claimant at the time of filing or promptly ~~there~~after filing. In the case of an objection to an item listed as to be paid, the objection must include a certificate of service.

**Committee Notes**

[No Change]

**Rule History**

2005 Revision-2025 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory Reference**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.496 Form and manner of objecting to claim.

Fla. Prob. R. 5.498 Personal representative's proof of claim.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.510.    ESTABLISHMENT AND PROBATE OF LOST OR DESTROYED WILL

**(a)    Proceeding.** The establishment and probate of a lost or destroyed will ~~shall~~<u>must</u> be in ~~one~~<u>1</u> proceeding.

**(b)    Petition.** The petition, in addition to reciting information required under these rules for petition for administration, ~~shall~~<u>must</u> include a statement of the facts constituting grounds on which relief is sought, and a statement of the contents of the will or, if available, a copy of the will.

**(c)    Testimony.** The testimony of each witness in the proceeding ~~shall~~<u>must</u> be reduced to writing and filed and may be used as evidence in any contest of the will if the witness has died or moved from the state.

**(d)    Notice.** No lost or destroyed will ~~shall~~<u>may</u> be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to the <u>devised </u>property ~~thereby devised~~.

**(e)    Order.** The order admitting the will to probate ~~shall~~<u>must</u> state in full its terms and provisions.

### Committee Notes

[No Change]

### Rule History

1977 Revision-2012 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

### Statutory Reference

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.200 Petition for administration.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.


**RULE 5.530.   SUMMARY ADMINISTRATION**

**(a)   Petition.** The petition must be verified as required by law and must contain:

(1) – (8)   [No Change]

(9)   a statement either;

(A)   that all creditors' claims are barred; or

(B)   that a diligent search and reasonable inquiry for any known or reasonably ascertainable creditors has been made and one1 of the following:

(i)   Aa statement that the estate is not indebted.; or

(ii)   Tthe name and address of each creditor, the nature of the debt, the amount of the debt and whether the amount is estimated or exact, and when the debt is due. If provision for payment of the debt has been made other than for full payment

in the proposed order of distribution, the following information must be shown:

(a). ~~T~~the name of the person who will pay the debt~~.~~;

(b). ~~T~~the creditor's written consent for substitution or assumption of the debt by another person~~.~~;

(c). ~~T~~the amount to be paid if the debt has been compromised~~.~~; and

(d). ~~T~~the terms for payment and any limitations on the liability of the person paying the debt.

(10) – (12) [No Change]

**(b) – (d)** [No Change]

## Committee Notes

[No Change]

## Rule History

1977 Revision-2013 Revision [No Change]

2014 Revision: Subdivision (a)(3) amended to provide only the year of birth of a minor to conform to ~~Fla. R. Gen. Prac. & Jud. Admin.~~Florida Rule of General Practice and Judicial Administration 2.425. Committee notes revised.

2026 Revision: Committee notes revised.

## Statutory References

[No Change]

## Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.205(a)(3) Filing evidence of death.

Fla. R. Gen. Prac. & Jud. Admin. 2.420 Public access to and protection of judicial branch records.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the filing of sensitive information.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.


## RULE 5.620.   INVENTORY

**(a)   Inventory.** Within 60 days after issuance of letters, the guardian of the property shallmust file a verified inventory as required by law. All property not in the guardian's possession as of the date the inventory is filed shallmust be so identified.

**(b)   Amended or Supplemental Inventory.** If the guardian of the property learns of any property not included in the inventory, or learns that the description in the inventory is inaccurate, the guardian shallmust, within 30 days of this discovery, file a verified amended or supplemental inventory showing the change.

**(c)   Substantiating Documents.** Unless ordered by the court, the guardian need not file the documents substantiating the inventory. UpoOn reasonable written request, the guardian of the property shallmust make the substantiating documents available for examination to those persons entitled to receive or inspect the inventory.

**(d)   Safe-Deposit Box Inventory.** If the ward has a safe-deposit box, a copy of the safe-deposit box inventory shallmust be filed as part of the verified inventory.

- 51 -

**(e) Guardian Advocates.** This rule ~~shall~~ appl~~y~~ies to a guardian advocate to the extent that the guardian advocate was granted authority over the property of the person with a developmental disability.

**Committee Notes**

**Rule History**

1977 Revision-2016 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.690 Initial guardianship report.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

**RULE 5.631.** **PETITION FOR APPROVAL BY PROFESSIONAL GUARDIAN FOR ORDER NOT TO RESUSCITATE OR TO WITHHOLD LIFE-PROLONGING PROCEDURES**

**(a) – (d)**     [No Change]

### Committee Notes

**Rule History**

2023 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


**RULE 5.650.** **RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR**

**(a)     Resignation and Petition for Discharge.** A guardian seeking to resign ~~shall~~must file a resignation and petition for discharge.

**(b)     Contents.** The resignation and petition for discharge ~~shall~~must state:

(1) – (3)    [No Change]

**(c)    Final Report.** A resigning guardian of the property shallmust file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of assets to be turned over to the successor guardian.

**(d)    Notice.** A notice shallmust be served stating that:

(1)    any objection shallmust be in writing and shallmust state with particularity each item to which the objection is directed and the grounds on which the objection is based;

(2)    any objection to the resignation, petition for discharge, or final report shallmust be filed within 30 days from the date of service of the petition for discharge; and

(3)    within 90 days after filing of the objection, a notice of hearing thereon shallmust be served or the objection is abandoned.

**(e)    Service.** A copy of tThe resignation, petition for discharge, final report, and notice of resignation and petition for discharge shallmust be served on the ward, any surety on the guardian's bond, any successor guardian, and such other persons as the court may direct.

**(f)    Objections.** Objections shallmust be in the form and be filed within the time set forth in the notice of resignation and petition for discharge. A copy of tThe objections shallmust be served by the objector on the ward, all guardians, any surety on the guardian's bond, and any successor guardian.

**(g)    Disposition of Objections.** Any interested person may set a hearing on the objections. Notice of the hearing shallmust be served on the guardian, the successor guardian, if any, and any other interested persons. If a notice of hearing on the objections is

not served within 90 days of filing of the objections, the objections will be deemed abandoned.

**(h) Discharge.** The guardian's resignation ~~shall~~must not be accepted and the guardian ~~shall~~must not be discharged until all objections have been withdrawn, abandoned, or judicially resolved and a successor guardian has been appointed and duly qualified. After all objections have been withdrawn, abandoned, or judicially resolved, if the court is satisfied that the resigning guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the resigning guardian of the property has delivered the assets of the ward, all guardianship records, and all money due to the ward from the guardian to the remaining or successor guardian, the court ~~shall~~must enter an order accepting resignation of guardian and granting discharge.

**(i) Disqualification.** Any guardian who is improperly appointed, or who becomes disqualified to act after appointment, ~~shall~~must immediately file a resignation and petition for discharge and proceed in accordance with this rule.

**(j) Nonresident Guardians.** Nonresident guardians appointed before October 1, 1989, ~~shall~~are not ~~be~~ automatically disqualified to serve and ~~shall~~are not ~~be~~ required to resign and initiate their own removal.

**(k) Guardian Advocates.** This rule ~~shall~~ appl~~y~~ies to guardian advocates, except that a final report ~~shall be~~is required of a guardian advocate only if the guardian advocate's authority included the management of the property of the person with a developmental disability.

**Committee Notes**

**Rule History**

1975 Revision-2012 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.660.   PROCEEDINGS FOR REMOVAL OF GUARDIAN

**(a)**   [No Change]

**(b)    Accounting.** A removed guardian must file with the court an accounting for the guardianship within 20 days after the guardian's removal. ~~A copy of t~~The accounting must be served on the successor guardian and the ward, unless the ward is a minor or has been determined to be totally incapacitated.

**(c) – (e)**   [No Change]

### Committee Notes
**Rule History**

1977 Revision-2013 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. R. Gen. Prac. & Jud. Admin. 2.420 Public access to and protection of judicial branch records.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service of pleadings and documents.

## RULE 5.670.    TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD

**(a)**    [No Change]

**(b)    Contents of Petition.** The petition for discharge shallmust state:

(1) – (3)    [No Change]

**(c)    Final Report.** The Florida guardian of the property shallmust file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated costs and fees, and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the foreign guardian.

**(d)    Notice.** The Florida guardian of the property shallmust publish a notice as required by law, whichthat shall states:

(1) – (9)    [No Change]

(10) that any objection ~~shall~~must be in writing and ~~shall~~must state with particularity each item to which the objection is directed and the grounds on which the objection is based;

(11) that any objection to the final report or the petition for discharge ~~shall~~must be filed within the later of 30 days from the date of service of the petition for discharge or the date of first publication of the notice; and

(12) that within 90 days after filing of the objection, a notice of hearing ~~thereon shall~~must be served or the objection is abandoned.

**(e)  Service.** ~~A copy of t~~The petition for discharge and of the notice of petition for discharge ~~shall~~must be served on the foreign guardian and such other persons as the court may direct.

**(f)  Objections.** Objections ~~shall~~must be in the form and be filed within the time set forth in the notice of petition for discharge. ~~A copy of t~~The objections ~~shall~~must be served by the objector on the Florida guardian and the foreign guardian.

**(g)  Disposition of Objections.** Any interested person may set a hearing on the objections. Notice of the hearing ~~shall~~must be served on the Florida guardian, the foreign guardian, and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned.

**(h)  Discharge.** The Florida guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved. After all objections have been withdrawn, abandoned, or judicially resolved, if the court is satisfied that the Florida guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the Florida guardian of the property has delivered the assets of the ward to the foreign guardian, the court ~~shall~~must enter an order of discharge.

**Committee Notes**

**Rule History**

1977 Revision-2016 Revision [No Change]

2026 Revision: Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.680 Termination of guardianship.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.680.   TERMINATION OF GUARDIANSHIP

**(a)    Petition for Discharge.** When the ward has become sui juris, has terminated a voluntary guardianship, has been restored to capacity, has had all rights restored, or has died, or when the guardian has been unable to locate the ward after diligent search, or, for a guardian of the property, when the property subject to the guardianship has been exhausted, the guardian ~~shall~~must file a petition for discharge. A guardian of the person is discharged without further proceeding ~~up~~on filing a certified copy of the ward's death certificate.

**(b)    Contents of Petition.** The petition for discharge ~~shall~~must state:

(1) – (3)    [No Change]

**(c)    Final Report.** The guardian of the property ~~shall~~must promptly file a final report. If the ward has died, the guardian must

file the report no later than 45 days after ~~he or she~~the guardian has been served with letters of administration, letters of curatorship, or an order of summary administration. The report ~~shall~~must show receipts, disbursements, amounts reserved for unpaid and anticipated disbursements, costs, and fees, including the amounts set forth in subdivision (b)(3), and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the person entitled to them.

(d) **Notice.** A notice ~~shall~~must be served stating:

(1) that any objection ~~shall~~must be in writing and ~~shall~~must state with particularity each item to which the objection is directed and the grounds on which the objection is based;

(2) that any objection to the final report or the petition for discharge ~~shall~~must be filed within 30 days from the date of service of the petition for discharge; and

(3) that within 90 days after filing of the objection, a notice of hearing ~~thereon shall~~must be served or the objection is abandoned.

(e) **Service.** The guardian applying for discharge ~~shall~~must serve ~~a copy of~~ the petition for discharge and final report on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next of kin of the deceased ward, or ~~such~~ other persons as the court may direct; provided however, that a guardian of the property who is subsequently appointed personal representative ~~shall~~must serve a copy of the petition for discharge and final report on all beneficiaries of the ward's estate.

(f) **Objections.** All persons served ~~shall~~ have 30 days to file objections to the petition for discharge and final report. The objections ~~shall~~must state with particularity the items to which the objections are directed and ~~shall~~must state the grounds on which the objections are based. ~~Copies of t~~The objections ~~shall~~must be served by the objector on the guardian. Any interested person may

set a hearing on the objections. Notice of the hearing ~~shall~~<u>must</u> be served on the guardian and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned. The guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved, and the petition for discharge of the guardian is granted by the court.

**(g)** **Discharge.** The guardian may not be discharged until all objections are withdrawn, abandoned, or judicially resolved. After all objections are withdrawn, abandoned, or judicially resolved, and if it appears that the guardian has paid all amounts reserved to the persons entitled to them and has made full and complete distribution of the ward's assets to the persons entitled to them and has otherwise faithfully discharged the duties of the guardian, the court ~~shall~~<u>must</u> grant the petition for discharge and enter an order of discharge. If objections are filed and are not withdrawn, abandoned, or judicially resolved, the court ~~shall~~<u>must</u> conduct a hearing in the same manner as for a hearing on objections to annual guardianship plans. After hearing, if the court is satisfied that the guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the guardian has rendered a complete and accurate final report and has delivered the assets of the ward to the person entitled to them, the court ~~shall~~<u>must</u> enter an order of discharge.

Committee Notes

**Rule History**

1975 Revision-2012 Revision [No Change]

<u>2026 Revision: Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.552 Voluntary guardianship of property.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.

## RULE 5.690.   INITIAL GUARDIANSHIP REPORT

**(a)   Contents and Filing.** An initial guardianship report ~~shall~~must be filed within 60 days after the issuance of letters of guardianship. The guardian of the property ~~shall~~must file the initial guardianship report consisting of the verified inventory. The guardian of the person ~~shall~~must file the initial guardianship report consisting of the guardianship plan.

**(b)   Service.** ~~Copies of t~~The initial guardianship report ~~shall~~must be served on the ward, unless the ward is a minor under the age of 14 years or is totally incapacitated, and the attorney for the ward, if any. With approval of the court, service on the ward may be accomplished by serving the attorney for the ward.

### Committee Notes

[No Change]

### Rule History

1991 Revision-2016 Revision [No Change]

2026 Revision: Committee notes revised.

### Statutory References

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.620 Inventory.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.


## RULE 5.695.   ANNUAL GUARDIANSHIP REPORT

### (a)   Contents and Filing.

(1)   *Guardian of the Person.* Unless the court requires reporting on a calendar-year basis, the guardian of the person ~~shall~~must file an annual guardianship plan within 90 days after the last day of the anniversary month in which the letters of guardianship were signed. The plan ~~shall~~must include the mailing address, phone number, and e-mail address of the guardian, and:

(A) – (B)    [No Change]

The plan must cover the coming fiscal year ending on the last day of such anniversary month. If the court requires calendar-year reporting, the guardianship plan for the forthcoming year must be filed on or before April 1 of each year.

(2) *Guardian of the Property.* Unless the court requires or authorizes reporting on a fiscal year basis, the guardian of the property ~~shall~~must file an annual accounting on or before April 1 of each year. The plan ~~shall~~must include the mailing address, phone number, and e-mail address of the guardian, and:

(A) – (B)    [No Change]

The annual accounting ~~shall~~must cover the preceding annual accounting period. If the court requires or authorizes reporting on a fiscal year basis, the annual accounting ~~shall~~must be filed on or before the first day of the fourth month after the end of the fiscal year.

**(b)** **Service.** ~~Copies of t~~The annual plan and accounting ~~shall~~must be served on the ward, unless the ward is a minor or is totally incapacitated, and the attorney for the ward, if any. With the approval of the court, service on the ward may be accomplished by serving the attorney for the ward. The guardian ~~shall~~must serve copies on ~~such~~ other persons as the court may direct.

### Committee Notes

[No Change]

### Rule History

1975 Revision-2019 Revision [No Change]

2026 Revision: Committee notes revised.

### Statutory References

[No Change]

### Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.041 Service of pleadings and documents.

Fla. Prob. R. 5.060 Request for notices and copies of pleadings.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.552 Voluntary guardianship of property.

Fla. Prob. R. 5.555 Guardianships of minors.

Fla. Prob. R. 5.610 Execution by guardian.

Fla. Prob. R. 5.700 Objection to guardianship reports.

Fla. Prob. R. 5.800(b) Application of revised chapter 744 to existing guardianships.

Fla. R. Gen. Prac. & Jud. Admin. 2.516 Service ~~of pleadings and documents~~.